UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Latisha Johnson**, individually and on behalf of all others similarly situated, | No. _____ |
| Plaintiff, | **CLASS ACTION AND COLLECTIVE ACTION COMPLAINT** |
| v. | |
| **Villa Healthcare Management, Inc.**: <br> **The Villa at South Holland LLC**; <br> **The Villa at Lincoln Park, LLC**; <br> **The Villa at Middleton Village, LLC**; <br> **The Villa at Bradley Estates, LLC**; <br> **Golden Valley Opco LLC**; <br> **The Villa at Bryn Mawr, LLC**; <br> **St. Paul Opco, LLC**; <br> **New Brighton Opco, LLC**; <br> **The Villa at Osseo, LLC**; <br> **St. Louis Park Opco II LLC**; <br> **Richfield Opco LLC**; <br> **Robbinsdale Opco LLC**; <br> **Roseville Opco LLC**; <br> **The Villa at St. Louis Park, LLC**; <br> **St. Louis Park Opco, LLC**; <br> **West Branch Opco, LLC**; <br> **Rose City Opco, LLC**; <br> **Petoskey Opco, LLC**; <br> **Traverse City Opco, LLC**; <br> **Redford Opco, LLC**; <br> **Highland Park Opco, LLC**; <br> **Warren Opco, LLC**; <br> **Green Lake Opco, LLC**; <br> **Ypsilanti Opco, LLC**; <br> **Oakland Opco, LLC**; <br> **Moroun Nursing Center of Detroit, LLC**; <br> **Detroit Nursing Center, LLC**; <br> **Park Nursing Center of Taylor, LLC**; <br> **Father Murray Nursing and Rehabilitation Centre, LLC**; <br> **Benjamin Israel**; <br> **Mark Berger**; <br> **Todd Stern**; and <br> **John Doe Corporations I-X**; | |

-1-

Defendants.

Plaintiff, Latisha Johnson ("Plaintiff"), individually and on behalf of all other persons similarly situated, sues the Defendants, Villa Healthcare Management, Inc.; The Villa at South Holland LLC; The Villa at Lincoln Park, LLC; The Villa at Middleton Village, LLC; The Villa at Bradley Estates, LLC; Golden Valley Opco LLC; The Villa at Bryn Mawr, LLC; St. Paul Opco, LLC; New Brighton Opco, LLC; The Villa at Osseo, LLC; St. Louis Park Opco II LLC; Richfield Opco LLC; Robbinsdale Opco LLC; Roseville Opco LLC; The Villa at St. Louis Park, LLC; St. Louis Park Opco, LLC; West Branch Opco, LLC; Rose City Opco, LLC; Petoskey Opco, LLC; Traverse City Opco, LLC; Redford Opco, LLC; Highland Park Opco, LLC; Warren Opco, LLC; Green Lake Opco, LLC; Ypsilanti Opco, LLC; Oakland Opco, LLC; Moroun Nursing Center of Detroit, LLC; Detroit Nursing Center, LLC; Park Nursing Center of Taylor, LLC; Father Murray Nursing and Rehabilitation Centre, LLC; Benjamin Israel; Mark Berger; Todd Stern; and John Doe Corporations I-X (collectively referred to as "Villa Healthcare" or "Defendants") and alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action for overtime pay, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).  Plaintiff also brings this action as a class action pursuant to Fed. R. Civ. P. 23 for Defendant's violation of Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL"). Plaintiff brings this action on behalf of herself and all similarly situated current and former Licensed Practical Nurses, Practicing Registered Nurses, Registered Nurses, Licensed Practical Nurse Managers, and other

similar positions (collectively referred to as "Nurses")[1] (also referred to as the "Covered Positions") of Defendants.

2.      Plaintiff, individually, and on behalf of all others similarly situated, brings this action against Villa Healthcare for their unlawful failure to pay overtime in violation of the FLSA and IMWL.

3.      Plaintiff brings a collective action under the FLSA to recover the unpaid overtime wages owed to her individually and on behalf of all other similarly situated Nurses, current and former, of Defendants.  Putative members of the Collective Action are also referred to as the "Collective Members."

4.      Plaintiff brings a class action pursuant to Fed. R. Civ. P. 23 to recover the unpaid overtime wages owed to her individually and on behalf of all other similarly situated Nurses, current and former, of Defendants.  Putative members of the Class Action are also referred to as the "Class Action Members."

5.      Plaintiff, the Collective Members and the Class Members are current and former employees of Defendants.  Plaintiff brings this action on behalf of herself and all similarly-situated current and former Nurses who Defendants failed to pay the proper overtime premium under the FLSA and IMWL, and who were therefore not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

---

[1]      For the purposes of this Complaint, "Nurses" is exclusively a job title used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of Plaintiff and putative class, and has no bearing or relation to any specialization, skill, education, training, or other qualification that might otherwise be associated with such a job title.

6.     The Collective Members and Class Members are all current and former Nurses who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

## JURISDICTION AND VENUE

7.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

8.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this action arises under the Constitution and laws of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff, the Collective Members and the Class Action Members occurred within the Northern District of Illinois, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

10.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

11.     At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Cook County, Illinois, and is a former employee of Defendants.

12.     At all material times, Plaintiff was a full-time employee of Defendants who worked as an LPN and LPN Manager from approximately May 2019 through approximately August 2019.

13.     At all material times, Plaintiff was employed by Defendants and paid an hourly rate of $33.

14.     At all relevant times, Defendants employed Plaintiff to perform primary job duties including, but not limited to, conducting physical examinations, documenting healthcare histories, listening to patients and families and analyzing their needs, providing health care and healthcare related services, coordinating healthcare related services with other Nurses and medical staff, and working the facility's infection control program.

15.     At all material times, Plaintiff was an employee of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and IMWL § 820 105/3(d).

16.     At all material times, Plaintiff was a non-exempt employee under 29 U.S.C. § 213(a)(1) and IMWL § 820 105/4(a).

17.     Plaintiff has given her written consent to be a named representative Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

18.     Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated who are current or former Nurses of Defendants, including but not limited to current or former Nurses of Defendants who agree in writing to join this action seeking recovery under the FLSA and IMWL.

19.     Plaintiff brings this action on behalf of herself and on behalf of all other similarly situated current and former employees of Defendants–specifically, current or former Nurses of

Defendants who Defendants failed to pay the proper overtime premium under the FLSA and IMWL and, therefore, did not receive an overtime premium for time spent working in excess of 40 hours in a given workweek.

20.     Defendant Villa Healthcare Management, Inc. is an Illinois corporation, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

21.     Under the FLSA, Defendant Villa Healthcare Management, Inc. is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Villa Healthcare Management, Inc. hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare.  Having acted in the interest of Villa Healthcare in relation to its employees, including Plaintiff, Defendant Villa Healthcare Management, Inc. is subject to liability under the FLSA.

22.     The IMWL defines "employer" as "Employer" as any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.  As Villa Healthcare Management, Inc. hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection

with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare, Villa Healthcare Management, Inc. is an employer within the coverage the IMWL.

23.     Defendant The Villa at South Holland LLC is an Illinois limited liability company, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

24.     Under the FLSA, Defendant The Villa at South Holland LLC is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant The Villa at South Holland LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare.  Having acted in the interest of Villa Healthcare in relation to its employees, including Plaintiff, Defendant The Villa at South Holland LLC is subject to liability under the FLSA.

25.     The IMWL defines "employer" as "Employer" as any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.  As The Villa at South Holland LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection

with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa

Healthcare, The Villa at South Holland LLC is an employer within the coverage the IMWL.

26.     Defendant The Villa at Lincoln Park LLC is a Wisconsin limited liability

company, authorized to do business in the State of Illinois and was at all relevant times

Plaintiff's, the Collective Members' and the Class Action Members' Employer as defined by 29

U.S.C. § 203(d) and IMWL § 820 105/3(c).

27.     Under the FLSA, Defendant The Villa at Lincoln Park LLC is an employer.  The

FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an

employer in relation to an employee.  At all relevant times, Defendant The Villa at Lincoln Park

LLC hired and fired employees, supervised and controlled work schedules or the conditions of

employment, determined the rate and method of payment, and maintained employment records

in connection with Plaintiff's, the Collective Members' and the Class Action Members'

employment with Villa Healthcare.  Having acted in the interest of Villa Healthcare in relation to

its employees, including Plaintiff, The Villa at Lincoln Park LLC is subject to liability under the

FLSA.

28.     The IMWL defines "employer" as "Employer" as any individual, partnership,

association, corporation, limited liability company, business trust, governmental or quasi-

governmental body, or any person or group of persons acting directly or indirectly in the interest

of an employer in relation to an employee, for which one or more persons are gainfully

employed on some day within a calendar year.  As The Villa at Lincoln Park LLC hired and fired

employees, supervised and controlled work schedules or the conditions of employment,

determined the rate and method of payment, and maintained employment records in connection

with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare, The Villa at Lincoln Park LLC is an employer within the coverage the IMWL.

29.     Defendant The Villa at Middleton Village LLC is a Wisconsin limited liability company, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

30.     Under the FLSA, Defendant The Villa at Middleton Village LLC is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant The Villa at Middleton Village LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare.  Having acted in the interest of Villa Healthcare in relation to its employees, including Plaintiff, Defendant The Villa at Middleton Village LLC is subject to liability under the FLSA.

31.     The IMWL defines "employer" as "Employer" as any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.  As The Villa at Middleton Village LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection

with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare, The Villa at Middleton Village LLC is an employer within the coverage the IMWL.

32.     Defendant The Villa at Bradley Estates, LLC is a Wisconsin limited liability company, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

33.     Under the FLSA, Defendant The Villa at Bradley Estates, LLC is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant The Villa at Bradley Estates, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare.  Having acted in the interest of Villa Healthcare in relation to its employees, including Plaintiff, Defendant The Villa at Bradley Estates, LLC is subject to liability under the FLSA.

34.     The IMWL defines "employer" as "Employer" as any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.  As The Villa at Bradley Estates, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection

-10-

with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa

Healthcare, The Villa at Bradley Estates, LLC is an employer within the coverage the IMWL.

35.     Defendant Golden Valley Opco LLC is a Minnesota limited liability company,

authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the

Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. §

203(d) and IMWL § 820 105/3(c).

36.     Under the FLSA, Defendant Golden Valley Opco LLC is an employer.  The

FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an

employer in relation to an employee.  At all relevant times, Defendant Golden Valley Opco LLC

hired and fired employees, supervised and controlled work schedules or the conditions of

employment, determined the rate and method of payment, and maintained employment records

in connection with Plaintiff's, the Collective Members' and the Class Action Members'

employment with Villa Healthcare.  Having acted in the interest of Villa Healthcare in relation to

its employees, including Plaintiff, Defendant Golden Valley Opco LLC is subject to liability

under the FLSA.

37.     The IMWL defines "employer" as "Employer" as any individual, partnership,

association, corporation, limited liability company, business trust, governmental or quasi-

governmental body, or any person or group of persons acting directly or indirectly in the interest

of an employer in relation to an employee, for which one or more persons are gainfully

employed on some day within a calendar year.  As Golden Valley Opco LLC hired and fired

employees, supervised and controlled work schedules or the conditions of employment,

determined the rate and method of payment, and maintained employment records in connection

with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare, Golden Valley Opco LLC is an employer within the coverage the IMWL.

38.     Defendant The Villa at Bryn Mawr is a Minnesota limited liability company, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

39.     Under the FLSA, Defendant The Villa at Bryn Mawr is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant The Villa at Bryn Mawr hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare.  Having acted in the interest of Villa Healthcare in relation to its employees, including Plaintiff, Defendant The Villa at Bryn Mawr is subject to liability under the FLSA.

40.     The IMWL defines "employer" as "Employer" as any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.  As The Villa at Bryn Mawr hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection

with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare, The Villa at Bryn Mawr is an employer within the coverage the IMWL.

41.    Defendant St. Paul Opco, LLC is a Minnesota limited liability company, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

42.    Under the FLSA, Defendant St. Paul Opco, LLC is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant St. Paul Opco, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare.  Having acted in the interest of Villa Healthcare in relation to its employees, including Plaintiff, Defendant St. Paul Opco, LLC is subject to liability under the FLSA.

43.    The IMWL defines "employer" as "Employer" as any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.  As St. Paul Opco, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare, St. Paul Opco, LLC is an employer within the coverage the IMWL.

44.     Defendant New Brighton Opco, LLC is a Minnesota limited liability company, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

45.     Under the FLSA, Defendant New Brighton Opco, LLC is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant New Brighton Opco, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare.  Having acted in the interest of Villa Healthcare in relation to its employees, including Plaintiff, Defendant New Brighton Opco, LLC is subject to liability under the FLSA.

46.     The IMWL defines "employer" as "Employer" as any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.  As New Brighton Opco, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare, New Brighton Opco, LLC is an employer within the coverage the IMWL.

-14-

47.     Defendant The Villa at Osseo, LLC is a Minnesota limited liability company, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

48.     Under the FLSA, Defendant The Villa at Osseo, LLC is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant The Villa at Osseo, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare.  Having acted in the interest of Villa Healthcare in relation to its employees, including Plaintiff, Defendant The Villa at Osseo, LLC is subject to liability under the FLSA.

49.     The IMWL defines "employer" as "Employer" as any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.  As The Villa at Osseo, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare, The Villa at Osseo, LLC is an employer within the coverage the IMWL.

50.     Defendant St. Louis Park Opco II LLC is a Minnesota limited liability company, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

51.     Under the FLSA, Defendant St. Louis Park Opco II LLC is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant St. Louis Park Opco II LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare.  Having acted in the interest of Villa Healthcare in relation to its employees, including Plaintiff, Defendant St. Louis Park Opco II LLC is subject to liability under the FLSA.

52.     The IMWL defines "employer" as "Employer" as any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.  As St. Louis Park Opco II LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare, St. Louis Park Opco II LLC is an employer within the coverage the IMWL.

53.     Defendant Richfield Opco LLC is a Minnesota limited liability company, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

54.     Under the FLSA, Defendant Richfield Opco LLC is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Richfield Opco LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare.  Having acted in the interest of Villa Healthcare in relation to its employees, including Plaintiff, Defendant Richfield Opco LLC is subject to liability under the FLSA.

55.     The IMWL defines "employer" as "Employer" as any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.  As Richfield Opco LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare, Richfield Opco LLC is an employer within the coverage the IMWL.

56.     Defendant Robbinsdale Opco LLC is a Minnesota limited liability company, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the

-17-

Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

57.     Under the FLSA, Defendant Robbinsdale Opco LLC is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Robbinsdale Opco LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare.  Having acted in the interest of Villa Healthcare in relation to its employees, including Plaintiff, Defendant Robbinsdale Opco LLC is subject to liability under the FLSA.

58.     The IMWL defines "employer" as "Employer" as any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.  As Robbinsdale Opco LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare, Robbinsdale Opco LLC is an employer within the coverage the IMWL.

59.     Defendant Roseville Opco LLC is a Minnesota limited liability company, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the

Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

60.      Under the FLSA, Defendant Roseville Opco LLC is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Roseville Opco LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare.  Having acted in the interest of Villa Healthcare in relation to its employees, including Plaintiff, Defendant Roseville Opco LLC is subject to liability under the FLSA.

61.      The IMWL defines "employer" as "Employer" as any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.  As Roseville Opco LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare, Roseville Opco LLC is an employer within the coverage the IMWL.

62.      Defendant The Villa at St. Louis Park, LLC is a Minnesota limited liability company, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

-19-

63.     Under the FLSA, Defendant The Villa at St. Louis Park, LLC is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant The Villa at St. Louis Park, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare.  Having acted in the interest of Villa Healthcare in relation to its employees, including Plaintiff, Defendant The Villa at St. Louis Park, LLC is subject to liability under the FLSA.

64.     The IMWL defines "employer" as "Employer" as any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.  As The Villa at St. Louis Park, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare, The Villa at St. Louis Park, LLC is an employer within the coverage the IMWL.

65.     Defendant St. Louis Park Opco, LLC is a Minnesota limited liability company, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

66.     Under the FLSA, Defendant St. Louis Park Opco, LLC is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant St. Louis Park Opco, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare.  Having acted in the interest of Villa Healthcare in relation to its employees, including Plaintiff, Defendant St. Louis Park Opco, LLC is subject to liability under the FLSA.

67.     The IMWL defines "employer" as "Employer" as any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.  As St. Louis Park Opco, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare, St. Louis Park Opco, LLC is an employer within the coverage the IMWL.

68.     Defendant West Branch Opco, LLC is a Michigan limited liability company, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

69.     Under the FLSA, Defendant West Branch Opco, LLC is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant West Branch Opco, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare.  Having acted in the interest of Villa Healthcare in relation to its employees, including Plaintiff, Defendant West Branch Opco, LLC is subject to liability under the FLSA.

70.     The IMWL defines "employer" as "Employer" as any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.  As West Branch Opco, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare, West Branch Opco, LLC is an employer within the coverage the IMWL.

71.     Defendant Rose City Opco, LLC is a Michigan limited liability company, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

72.     Under the FLSA, Defendant Rose City Opco, LLC is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Rose City Opco, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare.  Having acted in the interest of Villa Healthcare in relation to its employees, including Plaintiff, Defendant Rose City Opco, LLC is subject to liability under the FLSA.

73.     The IMWL defines "employer" as "Employer" as any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.  As Rose City Opco, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare, Rose City Opco, LLC is an employer within the coverage the IMWL.

74.     Defendant Petoskey Opco, LLC is a Michigan limited liability company, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

75.     Under the FLSA, Defendant Petoskey Opco, LLC is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Petoskey Opco, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare.  Having acted in the interest of Villa Healthcare in relation to its employees, including Plaintiff, Defendant Petoskey Opco, LLC is subject to liability under the FLSA.

76.     The IMWL defines "employer" as "Employer" as any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.  As Petoskey Opco, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare, Petoskey Opco, LLC is an employer within the coverage the IMWL.

77.     Defendant Traverse City Opco, LLC is a Michigan limited liability company, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

78.     Under the FLSA, Defendant Traverse City Opco, LLC is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an

employer in relation to an employee.  At all relevant times, Defendant Traverse City Opco, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare.  Having acted in the interest of Villa Healthcare in relation to its employees, including Plaintiff, Defendant Traverse City Opco, LLC is subject to liability under the FLSA.

79.     The IMWL defines "employer" as "Employer" as any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.  As Traverse City Opco, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare, Traverse City Opco, LLC is an employer within the coverage the IMWL.

80.     Defendant Redford Opco, LLC is a Michigan limited liability company, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

81.     Under the FLSA, Defendant Redford Opco, LLC is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Redford Opco, LLC hired

and fired employees, supervised and controlled work schedules or the conditions of employment,

determined the rate and method of payment, and maintained employment records in connection

with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa

Healthcare.  Having acted in the interest of Villa Healthcare in relation to its employees,

including Plaintiff, Defendant Redford Opco, LLC is subject to liability under the FLSA.

82.     The IMWL defines "employer" as "Employer" as any individual, partnership,

association, corporation, limited liability company, business trust, governmental or quasi-

governmental body, or any person or group of persons acting directly or indirectly in the interest

of an employer in relation to an employee, for which one or more persons are gainfully

employed on some day within a calendar year.  As Redford Opco, LLC hired and fired

employees, supervised and controlled work schedules or the conditions of employment,

determined the rate and method of payment, and maintained employment records in connection

with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa

Healthcare, Redford Opco, LLC is an employer within the coverage the IMWL.

83.     Defendant Highland Park Opco, LLC is a Michigan limited liability company,

authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the

Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. §

203(d) and IMWL § 820 105/3(c).

84.     Under the FLSA, Defendant Highland Park Opco, LLC is an employer.  The

FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an

employer in relation to an employee.  At all relevant times, Defendant Highland Park Opco, LLC

hired and fired employees, supervised and controlled work schedules or the conditions of

employment, determined the rate and method of payment, and maintained employment records

in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare. Having acted in the interest of Villa Healthcare in relation to its employees, including Plaintiff, Defendant Highland Park Opco, LLC is subject to liability under the FLSA.

85.     The IMWL defines "employer" as "Employer" as any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year. As Highland Park Opco, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare, Highland Park Opco, LLC is an employer within the coverage the IMWL.

86.     Defendant Warren Opco, LLC is a Michigan limited liability company, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

87.     Under the FLSA, Defendant Warren Opco, LLC is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Warren Opco, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa

Healthcare. Having acted in the interest of Villa Healthcare in relation to its employees, including Plaintiff, Defendant Warren Opco, LLC is subject to liability under the FLSA.

88.     The IMWL defines "employer" as "Employer" as any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year. As Warren Opco, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare, Warren Opco, LLC is an employer within the coverage the IMWL.

89.     Defendant Green Lake Opco, LLC is a Michigan limited liability company, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

90.     Under the FLSA, Defendant Green Lake Opco, LLC is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Green Lake Opco, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare. Having acted in the interest of Villa Healthcare in relation to

its employees, including Plaintiff, Defendant Green Lake Opco, LLC is subject to liability under the FLSA.

91.     The IMWL defines "employer" as "Employer" as any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.  As Green Lake Opco, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare, Green Lake Opco, LLC is an employer within the coverage the IMWL.

92.     Defendant Ypsilanti Opco, LLC is a Michigan limited liability company, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

93.     Under the FLSA, Defendant Ypsilanti Opco, LLC is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Ypsilanti Opco, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare.  Having acted in the interest of Villa Healthcare in relation to

its employees, including Plaintiff, Defendant Ypsilanti Opco, LLC is subject to liability under the FLSA.

94.     The IMWL defines "employer" as "Employer" as any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.  As Ypsilanti Opco, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare, Ypsilanti Opco, LLC is an employer within the coverage the IMWL.

95.     Defendant Oakland Opco, LLC is a Michigan limited liability company, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

96.     Under the FLSA, Defendant Oakland Opco, LLC is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Oakland Opco, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare.  Having acted in the interest of Villa Healthcare in relation to its employees, including Plaintiff, Defendant Oakland Opco, LLC is subject to liability under the FLSA.

97.     The IMWL defines "employer" as "Employer" as any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.  As Oakland Opco, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare, Oakland Opco, LLC is an employer within the coverage the IMWL.

98.     Defendant Moroun Nursing Center of Detroit, LLC is a Michigan limited liability company, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

99.     Under the FLSA, Defendant Moroun Nursing Center of Detroit, LLC is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Moroun Nursing Center of Detroit, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare.  Having acted in the interest of Villa Healthcare in relation to its employees, including Plaintiff, Defendant Moroun Nursing Center of Detroit, LLC is subject to liability under the FLSA.

100.    The IMWL defines "employer" as "Employer" as any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.  As Moroun Nursing Center of Detroit, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare, Moroun Nursing Center of Detroit, LLC is an employer within the coverage the IMWL.

101.    Defendant Detroit Nursing Center, LLC is a Michigan limited liability company, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

102.    Under the FLSA, Defendant Detroit Nursing Center, LLC is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Detroit Nursing Center, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare.  Having acted in the interest of Villa Healthcare in relation to its employees, including Plaintiff, Defendant Detroit Nursing Center, LLC is subject to liability under the FLSA.

103.    The IMWL defines "employer" as "Employer" as any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.  As Detroit Nursing Center, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare, Detroit Nursing Center, LLC is an employer within the coverage the IMWL.

104.    Defendant Park Nursing Center of Taylor, LLC is a Michigan limited liability company, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

105.    Under the FLSA, Defendant Park Nursing Center of Taylor, LLC is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Park Nursing Center of Taylor, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare.  Having acted in the interest of Villa Healthcare in relation to its employees, including Plaintiff, Defendant Park Nursing Center of Taylor, LLC is subject to liability under the FLSA.

106.    The IMWL defines "employer" as "Employer" as any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.  As Park Nursing Center of Taylor, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare, Park Nursing Center of Taylor, LLC is an employer within the coverage the IMWL.

107.    Defendant Father Murray Nursing and Rehabilitation Centre, LLC is a Michigan limited liability company, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

108.    Under the FLSA, Defendant Father Murray Nursing and Rehabilitation Centre, LLC is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Father Murray Nursing and Rehabilitation Centre, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare. Having acted in the interest of Villa Healthcare in relation to its employees, including Plaintiff, Defendant Father Murray Nursing and Rehabilitation Centre, LLC is subject to liability under the FLSA.

109.    The IMWL defines "employer" as "Employer" as any individual, partnership, association, corporation, limited liability company, business trust, governmental or quasi-governmental body, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons are gainfully employed on some day within a calendar year.  As Father Murray Nursing and Rehabilitation Centre, LLC hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Action Members' employment with Villa Healthcare, Father Murray Nursing and Rehabilitation Centre, LLC is an employer within the coverage the IMWL.

110.    Villa Healthcare is a multi-state nursing and rehabilitation company.  Upon information and belief, Villa Healthcare operates in four states and operates under more than 30 various business entities.   Upon information and belief, Defendants John Doe Corporations I-X are and/or were, at all times relevant herein, individuals, groups, partnerships, and/or other entities which: (1) are subsidiaries of Villa Healthcare and/or Villa Healthcare Management, Inc.; (2) hired individuals, including the Collective Members and Class Action Members as Nurses and other positions to perform work for Defendants; (3) directed the work of Plaintiff, the Collective Members, and the Class Action Members; and (4) are otherwise proper parties to this lawsuit.

111.    At all relevant times, Defendant(s) John Doe Corporations I-X were employers under the IMWL and FLSA.  At all relevant times, Defendant(s) John Doe Corporations I-X had the authority to hire and fire employees, including Plaintiff and/or the Collective Members and Class Action Members, supervised and controlled work schedules or the conditions of

employment, determined the rate and method of payment, and maintained employment records in connections with Plaintiff's and/or the Collective Members' and Class Action Members' employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, including Plaintiff and/or the Collective Members and Class Action Members, Defendant(s) John Doe Corporations I-X are subject to liability under the IMWL and FLSA.

112. Under the FLSA, Defendant Benjamin Israel is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Benjamin Israel is an owner of Villa Healthcare. At all relevant times, he had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Villa Healthcare. As a person who acted in the interest of Villa Healthcare in relation to Villa Healthcare's employees, including Plaintiff, Defendant Benjamin Israel is subject to individual liability under the FLSA.

113. Under the FLSA, Defendant Todd Stern is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Todd Stern is an owner of Villa Healthcare. At all relevant times, he had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Villa Healthcare. As a person who acted in the interest of Villa

Healthcare in relation to Villa Healthcare's employees, including Plaintiff, Defendant Todd Stern is subject to individual liability under the FLSA.

114.    At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r) of the FLSA.  29 U.S.C. § 203(r)(1).  That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a nursing and rehabilitation company operating under the name "Villa Healthcare."

115.    At all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff, the Collective Members, and the Class Action Members; and (2) Defendants were under common control.  In any event, at all relevant times, all Defendants were joint employers under the IMWL and FLSA.

116.    At all material times, Defendants Villa Healthcare Management, Inc.; The Villa at South Holland LLC; The Villa at Lincoln Park, LLC; The Villa at Middleton Village, LLC; The Villa at Bradley Estates, LLC; Golden Valley Opco LLC; The Villa at Bryn Mawr, LLC; St. Paul Opco, LLC; New Brighton Opco, LLC; The Villa at Osseo, LLC; St. Louis Park Opco II LLC; Richfield Opco LLC; Robbinsdale Opco LLC; Roseville Opco LLC; The Villa at St. Louis Park, LLC; St. Louis Park Opco, LLC; West Branch Opco, LLC; Rose City Opco, LLC; Petoskey Opco, LLC; Traverse City Opco, LLC; Redford Opco, LLC; Highland Park Opco, LLC; Warren Opco, LLC; Green Lake Opco, LLC; Ypsilanti Opco, LLC; Oakland Opco, LLC; Moroun Nursing Center of Detroit, LLC; Detroit Nursing Center, LLC; Park Nursing Center of Taylor, LLC; Father Murray Nursing and Rehabilitation Centre, LLC; Benjamin Israel; Mark Berger; Todd Stern; and John Doe Corporations I-X were Plaintiff's, the Collective Members', and the Class Action Members' "Joint Employer."  Two or more distinct entities can exert

significant control over the same employee such that they are "joint employers." *E.g. In re Enterprise Rent-A-Car*, 683 F.3d 462, 467 (3d Cir. 2012). Analyzing whether an entity is a "joint employer" for purposes of the FLSA requires looking to several, non-exclusive factors in relation to the alleged employer's: (1) authority to hire and fire the relevant employees; (2) authority to promulgate work rules and assignments and to set the employees' conditions of employment: compensation, benefits, and work schedules, including the rate and method of payment; (3) involvement in day-to-day employee supervision, including employee discipline; and (4) actual control of employee records, such as payroll, insurance, or taxes. The Court may also consider the totality of the circumstances, economic realities, and other information suggesting "significant control," which can be persuasive in conjunction with the enumerated elements of the test. Id. at 470.

117.    At all material times, Villa Healthcare Management, Inc.; The Villa at South Holland LLC; The Villa at Lincoln Park, LLC; The Villa at Middleton Village, LLC; The Villa at Bradley Estates, LLC; Golden Valley Opco LLC; The Villa at Bryn Mawr, LLC; St. Paul Opco, LLC; New Brighton Opco, LLC; The Villa at Osseo, LLC; St. Louis Park Opco II LLC; Richfield Opco LLC; Robbinsdale Opco LLC; Roseville Opco LLC; The Villa at St. Louis Park, LLC; St. Louis Park Opco, LLC; West Branch Opco, LLC; Rose City Opco, LLC; Petoskey Opco, LLC; Traverse City Opco, LLC; Redford Opco, LLC; Highland Park Opco, LLC; Warren Opco, LLC; Green Lake Opco, LLC; Ypsilanti Opco, LLC; Oakland Opco, LLC; Moroun Nursing Center of Detroit, LLC; Detroit Nursing Center, LLC; Park Nursing Center of Taylor, LLC; Father Murray Nursing and Rehabilitation Centre, LLC; Benjamin Israel; Mark Berger; Todd Stern; and John Doe Corporations I-X had the authority to fire Plaintiff and the Class and Collective Members. Moreover, Plaintiff, the Collective Members, and the Class Action

Members were required and expected to abide by the enterprise-wise rules and procedures established by Defendants. The decision not to pay Plaintiffs and the Class and Collective Members overtime was made jointly by Defendants Villa Healthcare Management, Inc.; The Villa at South Holland LLC; The Villa at Lincoln Park, LLC; The Villa at Middleton Village, LLC; The Villa at Bradley Estates, LLC; Golden Valley Opco LLC; The Villa at Bryn Mawr, LLC; St. Paul Opco, LLC; New Brighton Opco, LLC; The Villa at Osseo, LLC; St. Louis Park Opco II LLC; Richfield Opco LLC; Robbinsdale Opco LLC; Roseville Opco LLC; The Villa at St. Louis Park, LLC; St. Louis Park Opco, LLC; West Branch Opco, LLC; Rose City Opco, LLC; Petoskey Opco, LLC; Traverse City Opco, LLC; Redford Opco, LLC; Highland Park Opco, LLC; Warren Opco, LLC; Green Lake Opco, LLC; Ypsilanti Opco, LLC; Oakland Opco, LLC; Moroun Nursing Center of Detroit, LLC; Detroit Nursing Center, LLC; Park Nursing Center of Taylor, LLC; Father Murray Nursing and Rehabilitation Centre, LLC; Benjamin Israel; Mark Berger; Todd Stern; and John Doe Corporations I-X. Moreover, the reduction in labor costs and corresponding increase in profits that resulted from not paying Plaintiffs, the Collective Members, and the Class Action Members overtime were shared by Defendants Villa Healthcare Management, Inc.; The Villa at South Holland LLC; The Villa at Lincoln Park, LLC; The Villa at Middleton Village, LLC; The Villa at Bradley Estates, LLC; Golden Valley Opco LLC; The Villa at Bryn Mawr, LLC; St. Paul Opco, LLC; New Brighton Opco, LLC; The Villa at Osseo, LLC; St. Louis Park Opco II LLC; Richfield Opco LLC; Robbinsdale Opco LLC; Roseville Opco LLC; The Villa at St. Louis Park, LLC; St. Louis Park Opco, LLC; West Branch Opco, LLC; Rose City Opco, LLC; Petoskey Opco, LLC; Traverse City Opco, LLC; Redford Opco, LLC; Highland Park Opco, LLC; Warren Opco, LLC; Green Lake Opco, LLC; Ypsilanti Opco, LLC; Oakland Opco, LLC; Moroun Nursing Center of Detroit, LLC; Detroit Nursing Center,

LLC; Park Nursing Center of Taylor, LLC; Father Murray Nursing and Rehabilitation Centre, LLC; Benjamin Israel; Mark Berger; Todd Stern; and John Doe Corporations I-X

118.    At all material times, Defendants Villa Healthcare Management, Inc.; The Villa at South Holland LLC; The Villa at Lincoln Park, LLC; The Villa at Middleton Village, LLC; The Villa at Bradley Estates, LLC; Golden Valley Opco LLC; The Villa at Bryn Mawr, LLC; St. Paul Opco, LLC; New Brighton Opco, LLC; The Villa at Osseo, LLC; St. Louis Park Opco II LLC; Richfield Opco LLC; Robbinsdale Opco LLC; Roseville Opco LLC; The Villa at St. Louis Park, LLC; St. Louis Park Opco, LLC; West Branch Opco, LLC; Rose City Opco, LLC; Petoskey Opco, LLC; Traverse City Opco, LLC; Redford Opco, LLC; Highland Park Opco, LLC; Warren Opco, LLC; Green Lake Opco, LLC; Ypsilanti Opco, LLC; Oakland Opco, LLC; Moroun Nursing Center of Detroit, LLC; Detroit Nursing Center, LLC; Park Nursing Center of Taylor, LLC; Father Murray Nursing and Rehabilitation Centre, LLC; Benjamin Israel; Mark Berger; Todd Stern; and John Doe Corporations I-X were Plaintiff's and the Collective Members' "single employer."  Single employer/enterprise theory examines whether "separate corporations are not what they appear to be, that in truth they are but divisions or departments of a single enterprise."  *Davis v. Abington Mem'l Hosp.*, 817 F. Supp. 2d 556, 564 (E.D. Pa. 2011) (citing *NLRB v. Deena Artware, Inc.*, 361 U.S. 398, 401 (1960)).  The analysis has four elements: (1) the interrelation of operations between the corporations; (2) whether the corporations share common management; (3) whether there was centralized control of labor relations; and (4) whether there existed common ownership or financial control.  *Katz v. DNC Servs. Corp.*, No. CV 16-5800, 2018 WL 692164, at *3 (E.D. Pa. Sep. 27, 2019) (citing *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 84 (3d Cir. 2003)).

119.    Defendants Villa Healthcare Management, Inc.; The Villa at South Holland LLC; The Villa at Lincoln Park, LLC; The Villa at Middleton Village, LLC; The Villa at Bradley Estates, LLC; Golden Valley Opco LLC; The Villa at Bryn Mawr, LLC; St. Paul Opco, LLC; New Brighton Opco, LLC; The Villa at Osseo, LLC; St. Louis Park Opco II LLC; Richfield Opco LLC; Robbinsdale Opco LLC; Roseville Opco LLC; The Villa at St. Louis Park, LLC; St. Louis Park Opco, LLC; West Branch Opco, LLC; Rose City Opco, LLC; Petoskey Opco, LLC; Traverse City Opco, LLC; Redford Opco, LLC; Highland Park Opco, LLC; Warren Opco, LLC; Green Lake Opco, LLC; Ypsilanti Opco, LLC; Oakland Opco, LLC; Moroun Nursing Center of Detroit, LLC; Detroit Nursing Center, LLC; Park Nursing Center of Taylor, LLC; Father Murray Nursing and Rehabilitation Centre, LLC; Benjamin Israel; Mark Berger; Todd Stern; and John Doe Corporations I-X all share in any profit or loss resulting in the operation of their enterprise. Defendants Villa Healthcare Management, Inc.; The Villa at South Holland LLC; The Villa at Lincoln Park, LLC; The Villa at Middleton Village, LLC; The Villa at Bradley Estates, LLC; Golden Valley Opco LLC; The Villa at Bryn Mawr, LLC; St. Paul Opco, LLC; New Brighton Opco, LLC; The Villa at Osseo, LLC; St. Louis Park Opco II LLC; Richfield Opco LLC; Robbinsdale Opco LLC; Roseville Opco LLC; The Villa at St. Louis Park, LLC; St. Louis Park Opco, LLC; West Branch Opco, LLC; Rose City Opco, LLC; Petoskey Opco, LLC; Traverse City Opco, LLC; Redford Opco, LLC; Highland Park Opco, LLC; Warren Opco, LLC; Green Lake Opco, LLC; Ypsilanti Opco, LLC; Oakland Opco, LLC; Moroun Nursing Center of Detroit, LLC; Detroit Nursing Center, LLC; Park Nursing Center of Taylor, LLC; Father Murray Nursing and Rehabilitation Centre, LLC; Benjamin Israel; Mark Berger; Todd Stern; and John Doe Corporations I-X routinely share management.  The decision not to pay Plaintiff, the Collective Members, and the Class Action Members overtime was made jointly by Defendants

Villa Healthcare Management, Inc.; The Villa at South Holland LLC; The Villa at Lincoln Park, LLC; The Villa at Middleton Village, LLC; The Villa at Bradley Estates, LLC; Golden Valley Opco LLC; The Villa at Bryn Mawr, LLC; St. Paul Opco, LLC; New Brighton Opco, LLC; The Villa at Osseo, LLC; St. Louis Park Opco II LLC; Richfield Opco LLC; Robbinsdale Opco LLC; Roseville Opco LLC; The Villa at St. Louis Park, LLC; St. Louis Park Opco, LLC; West Branch Opco, LLC; Rose City Opco, LLC; Petoskey Opco, LLC; Traverse City Opco, LLC; Redford Opco, LLC; Highland Park Opco, LLC; Warren Opco, LLC; Green Lake Opco, LLC; Ypsilanti Opco, LLC; Oakland Opco, LLC; Moroun Nursing Center of Detroit, LLC; Detroit Nursing Center, LLC; Park Nursing Center of Taylor, LLC; Father Murray Nursing and Rehabilitation Centre, LLC; Benjamin Israel; Mark Berger; Todd Stern; and John Doe Corporations I-X. Moreover, the reduction in labor costs and corresponding increase in profits that resulted from failing to pay Plaintiff and the Class and Collective Members overtime were shared by Defendants Villa Healthcare Management, Inc.; The Villa at South Holland LLC; The Villa at Lincoln Park, LLC; The Villa at Middleton Village, LLC; The Villa at Bradley Estates, LLC; Golden Valley Opco LLC; The Villa at Bryn Mawr, LLC; St. Paul Opco, LLC; New Brighton Opco, LLC; The Villa at Osseo, LLC; St. Louis Park Opco II LLC; Richfield Opco LLC; Robbinsdale Opco LLC; Roseville Opco LLC; The Villa at St. Louis Park, LLC; St. Louis Park Opco, LLC; West Branch Opco, LLC; Rose City Opco, LLC; Petoskey Opco, LLC; Traverse City Opco, LLC; Redford Opco, LLC; Highland Park Opco, LLC; Warren Opco, LLC; Green Lake Opco, LLC; Ypsilanti Opco, LLC; Oakland Opco, LLC; Moroun Nursing Center of Detroit, LLC; Detroit Nursing Center, LLC; Park Nursing Center of Taylor, LLC; Father Murray Nursing and Rehabilitation Centre, LLC; Benjamin Israel; Mark Berger; Todd Stern; and John Doe Corporations I-X. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and the Class and Collective Members' work and wages at all relevant times.

120.     Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned nursing and rehabilitation service.

121.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

122.     Defendant, individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's, the Collective Members', and the Class Action Members' work and wages at all relevant times.

123.     At all relevant times, Plaintiff, the Collective Members, and the Class Action Members' in their work for Defendant, were engaged in commerce or the production of goods for commerce.

124.     At all relevant times, Plaintiff, the Collective Members, and the Class Action Members, in their work for Defendant, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## FACTUAL ALLEGATIONS

125.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

126.     Defendants own and/or operate as Villa Healthcare, an enterprise located in Cook County, Illinois.

127.     Villa Healthcare is a nursing and rehabilitation company headquartered in Lincolnwood, Illinois.

128.    At all relevant times in their work for Defendants in the Covered Positions, Plaintiff, the Collective Members, and the Class Action Members performed and continue to perform non-exempt labor.

129.    At all relevant times in their work for Defendants, Nurses had and have primary job duties consisting of non-exempt labor.

130.    At all relevant times in their work for Defendants, the Covered Positions are and have been paid a flat hourly rate regardless of the number of hours they spent working in a given workweek.

131.    In May 2019, Plaintiff began employment with Defendants as an LPN, performing primarily non-exempt labor tasks.

132.    Rather than paying their Nurses–including Plaintiff, the Collective Action Members and the Class Action Members–an overtime premium for time spent working in excess of 40 hours in a given workweek, Defendants compensated the Nurses their hourly rate of pay only for hours worked up to 40 hours in a given week (and 80 hours in a biweekly pay period. Any hours worked beyond 80 hours in a biweekly pay period went uncompensated by Defendants.

133.    Throughout Plaintiff's employment with Defendants, Defendants compensated Plaintiff at an hourly rate of $33.00.  Defendants paid Plaintiff in this manner regardless of how many hours she worked in a given workweek.

134.    In a given workweek, and during each and every workweek, of Plaintiff's employment with Defendants, she was scheduled, and expected, to work in excess of forty (40) hours per week.

135.     In a given workweek, and during each and every workweek of Plaintiff's employment with Defendants, she worked between five (5) and twenty-five (25) hours of overtime (i.e., hours in excess of 40 in a given workweek) without being compensated at one-and-one-half times her regular rate of pay for such time worked. The Collective Action Members and Class Action Members also worked between five (5) and twenty-five (25) hours of overtime (i.e., hours in excess of 40 in a given workweek) without being compensated at one-and-one-half times her regular rate of pay for such time worked.

136.     In their work for Defendants in the Covered Positions, Plaintiff's, the Collective Action Members' and the Class Action Members' primary duty was not managing the enterprise that is Villa Healthcare Management, Inc., or managing a customarily recognized department or subdivision of the enterprise that is Villa Healthcare Management, Inc.

137.     In their work for Defendants in the Covered Positions, Plaintiff, the Collective Action Members and the Class Action Members did not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent.

138.     In their work for Defendants in the Covered Positions, Plaintiff, the Collective Action Members and the Class Action Members did not have the authority to hire or fire other employees, nor were their suggestions or recommendations as to the hiring, firing, advancement, promotion, or any other change in status of other employees given particular weight.

139.     In their work for Defendants in the Covered Positions, Plaintiff's, the Collective Members' and the Class Action Members' primary duty was not the performance of office or non-manual work directly related to the management or general business operations of Villa Healthcare Management, Inc. or its customers.

140.    In their work for Defendants in the Covered Positions, Plaintiff's, the Collective Action Members' and the Class Action Members' primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

141.    From the beginning of Plaintiff's, the Collective Action Members' and the Class Action Members' employment through the present day, Defendants failed to properly compensate them for any of their overtime hours.  During each and every workweek during which Plaintiff, the Collective Action Members and the Class Action Members worked for Defendants, they worked approximately forty-five (45) to sixty (65) hours per week.

142.    Defendants engaged in the regular practice of willfully failing to pay Plaintiff, the Collective Action Members and the Class Action Members one-and-one-half times their regular rates of pay for all time that they suffered or permitted Plaintiff, the Collective Action Members and the Class Action Members to work in excess of forty (40) hours per workweek.

143.    As a result of Defendants' willful failure to pay Plaintiff, the Collective Action Members and the Class Action Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, Defendants paid Plaintiff, the Collective Action Members and the Class Action Members less than the applicable overtime wage rate for such work that they performed in excess of forty (40) hours per workweek.

144.    Defendants engaged in the regular practice of failing to accurately, if at all, record the time during which Defendants suffered or permitted Plaintiff, the Collective Action Members and the Class Action Members to work.  As such, Plaintiff's, the Collective Action Members' and the Class Action Members' time records understate the duration of time each workweek that Defendants suffered or permitted them to work.

145.    As a result of Defendants' willful failure to compensate Plaintiff, the Collective Action Members and the Class Action Members the applicable overtime wage rate for such hours worked, Defendants violated 29 U.S.C. § 207(a) and IMWL § 820 105/4(a).

146.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff, the Collective Action Members and the Class Action Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, would violate federal and state law, and Defendants were aware of the FLSA and IMWL overtime wage requirements during Plaintiff's, the Collective Action Members' and the Class Action Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA and the IMWL.

147.    Defendants have and continue to willfully violate the FLSA by not paying Plaintiff, the Collective Action Members and the Class Action Members one-and-one-half times their regular rates of pay for all time worked in excess of forty (40) hours per workweek.

148.    In a given workweek, and during each and every workweek of Plaintiff's, the Collective Action Members' and the Class Action Members' employment with Defendants, Plaintiff, the Collective Action Members and the Class Action Members worked for Defendants for more than 40 hours and were not paid the applicable overtime wage premium of one and one-half times their regular rates of pay under the FLSA 29, U.S.C. § 207(a).

149.    Due to Defendants' illegal wage practices, Plaintiff, the Collective Action Members and the Class Action Members are entitled to recover from Defendants compensation for unpaid overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COLLECTIVE ACTION ALLEGATIONS

150. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

151. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on her own behalf and as a representative of individuals similarly situated who are current or former Nurses of Defendants.

152. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on her own behalf and as representatives of individuals similarly situated who are current and former Nurses of Defendants, who are not or were not paid one and one-half times their regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work, in violation of pursuant to 29 U.S.C. § 207(a), who agree in writing to join this lawsuit seeking recovery under the FLSA.

153. At all relevant times, Plaintiff and the Collective Action Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay one-and-one-half times Plaintiff's and the Collective Action Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work. Plaintiff's claims stated herein are essentially the same as those of the Collective Action Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs are identical.

154.     Plaintiff and the Collective Action Members worked more than forty (40) hours in a given workweek without being compensated for the overtime hours worked during that workweek.

155.     Rather than paying their Nurses–including Plaintiff and the Collective Action Members–an overtime premium for time spent working in excess of 40 hours in a given workweek, Defendants compensated them at their regular hourly rate of pay for all hours worked, regardless of whether those hours exceeded 40 in a given workweek.

156.     Throughout Plaintiff's and the Collective Action Members' employment with Defendants, Defendants paid Plaintiff an hourly rate of $33.00.  Defendants paid Plaintiff in this manner regardless of how many hours she worked in a given workweek.

157.     In a given workweek, and during each and every workweek, of Plaintiff's and the Collective Action Members' employment with Defendants, they were expected to work in excess of forty (40) hours per week.

158.     In a given workweek, and during each and every workweek, of Plaintiff's and the Collective Action Members' employment with Defendants, they worked between five (5) and twenty-five (25) hours of overtime (i.e., hours in excess of 40 in a given workweek) without being compensated at one-and-one-half times their regular rates of pay for such time worked.

159.     Although Defendants permitted and/or required the Collective Members to work in excess of forty (40) hours per workweek, Defendants denied them full compensation for their hours worked over forty (40) in a given workweek.

160.     The Collective Members perform or have performed the same or similar work as Plaintiff.

161.     The Collective Members are not exempt from receiving overtime pay.

162.    As such, the Collective Members are similar to Plaintiff in terms of job title, job duties, pay structure, and/or the denial of overtime.

163.    Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

164.    The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the Collective Members.

165.    The specific job titles or precise job responsibilities of each Collective Member does not prevent collective treatment.

166.    All Collective Members, irrespective of their particular job requirements, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

167.    Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple mathematic formula.  The claims of all Collective Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

168.    As such, Plaintiff brings her FLSA overtime claims as a collective action on behalf of the following class:

> **The FLSA Collective Members are all of Defendant's current and former LPNs, PRNs, RNs, and other individuals with similar job titles or duties, who did not receive an overtime premium for time spent working in excess of 40 hours in a given workweek, and who worked for Defendants at any time starting <u>three years before this lawsuit was filed up to the present</u>.**

169.     Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by manipulating and/or failing to properly record the hours the employees work.

170.     Defendants are aware or should have been aware that federal law required them to pay non-exempt employees an overtime premium of not less than one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) per workweek.

171.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

172.     This action is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

173.     The Collective Members perform or have performed the same or similar work as Plaintiffs.

174.     Upon information and belief, the individuals similarly situated to Plaintiff include more than one hundred (100) employees currently and/or formerly employed by Defendants, and Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession or control, but it can be readily ascertained from their employment records and the records of its payroll processor.

175.     Notice can be provided to the Collective Members via first class mail to the last address known to Defendant, via email at the last known email address known to Defendant, via text message at the last known telephone number known to Defendant, and by posting notice at Defendants' facilities identified herein.

176.     Plaintiff's claims stated in this complaint are essentially the same as those of the Collective Members.  This action is properly maintained as a collective action because in all

pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

**<u>RULE 23 CLASS DEFINITIONS AND ALLEGATIONS</u>**

177.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

178.     Plaintiff brings Claims for Relief for violation of Illinois' wage and hour laws as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Plaintiffs bring these claims on behalf of themselves and all members of the following class (the "Illinois Class") comprised of:

179.     **Rule 23 Class**

**The Illinois Class Action Members are all of Defendants' current and former LPNs, PRNs, RNs, and other individuals with similar job titles or duties, who did not receive an overtime premium for time spent working in excess of 40 hours in a given workweek, and who worked for Defendants in the State of Illinois at any time starting <u>three years before this lawsuit was filed up to the present</u>.**

**a.   Numerosity (Rule 23(a)(1)).**

180.     The Illinois Class is so numerous that joinder of all members is impracticable. Plaintiff on information and belief alleges, that Defendants employed greater than one hundred (100) people who satisfy the definition of the Illinois Class.

**b.   Existence of Common Questions of Law and Fact (Rule 23(a)(2)).**

181.     Common questions of law and fact exist as to the Plaintiffs and the members of the Illinois Class including, but not limited to, the following:

i.      Whether Defendants unlawfully failed to pay members of the Illinois Class the overtime wage, in violation of the Illinois Minimum Wage Law ("IMWL");

ii.      Whether Defendants unlawfully failed to keep and maintain accurate and true records of the hours worked by members of the Illinois class as required by applicable law; and

iii.      The damages sustained and the proper measure of restitution recoverable by members of the Illinois Class.

### c. Typicality (Rule 23(a)(3)).

182.      Plaintiff's claims are typical of the members of the Illinois Class' claims.

Plaintiff, like other members of the Illinois Class, was subjected to Defendants' illegal scheme to maximize profits by depriving their employees of overtime compensation.

### d. Adequacy (Rule 23(a)(4)).

183.      Plaintiff will fairly and adequately represent and protect the interests of the members of the Illinois Class. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

### e. Injunctive and Declaratory Relief (Rule 23(b)(2)).

184.      Class certification of the Rule 23 claims is appropriate pursuant to Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the members of the Illinois Class, making appropriate declaratory relief with respect to the members of the Illinois Class as a whole.

### f. Predominance and Superiority of Class Action (Rule 23(b)(3)).

185.      Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to members of the Illinois Class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

Defendants' common and uniform policies and practices illegally deprived Plaintiff and all similarly situated employees of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual members of the Illinois Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

186.    Plaintiff intends to send notice to all members of the Illinois Class to the extent required by Rule 23.

## DAMAGES

187.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

188.    Plaintiff, the Collective Action Members and the Class Action Members are entitled to recover overtime compensation for the hours they worked in excess of 40 hours in a given workweek for which they were not paid at the federal and state mandated overtime rate–i.e., Plaintiff, the Collective Action Members and the Class Action Members are entitled one and one-half times their regular rates of pay for all time spent working in excess of 40 hours per week for Defendant.

189.    Plaintiff, the Collective Action Members and the Class Action Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b) and IMWL § 820 105/1 *et seq.*

190.    Plaintiff, the Collective Action Members and the Class Action Members are also entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b) and IMWL § 820 105/1 *et seq.*

191.    Plaintiff and the Class Action Members are further entitled to recover statutory damages and interest as provided by IMWL § 820 105/1 *et seq.*

## COUNT ONE: FAIR LABOR STANDARDS ACT
## UNPAID OVERTIME

192.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

193.    Defendants failed and/or refused to compensate Plaintiff and the Collective Members one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a given workweek as required under the FLSA, 29 U.S.C. § 207(a).

194.    Defendants operated pursuant to their policy and practice of not paying Plaintiff and the Collective Action Members one and one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek.

195.    While employed by Defendants, Plaintiff and the Collective Action Members worked tens of hours of overtime per week each and every workweek for which they worked for Defendants, and Defendants did not pay to Plaintiff and the Collective Action Members one-and-one-half times their regular rate of pay for such time.

196.    As a result, Defendants intentionally failed and/or refused to pay Plaintiff and the Collective Action Members overtime according to the provisions of the FLSA.

197.    Defendants engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff and the Collective Action Members in accordance with 29 U.S.C. § 207.

198.    Plaintiff and the Collective Action Members believe and therefore aver that Defendants owe them unpaid overtime wages for each and every pay period for the duration of their employment.

199.    Defendants intentionally failed and/or refused to pay Plaintiff and the Collective Action Members overtime according to the provisions of the FLSA.

200.    Defendants engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff and the Collective Action Members in accordance with 29 U.S.C. § 207.

201.    Although at this stage, Plaintiff and the Collective Action Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Action Members believe that such information will become available during the course of discovery.  Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

202.    Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Action Members over the course of their employment would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Action Members' employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

203.    Defendants have and continue to willfully violate the FLSA by not paying Plaintiff and the Collective Action Members a wage equal to one and one-half times their regular rates of pay for all time spent performing labor for Defendants in excess of their regular 40-hour workweek.

204.    As a result of Defendants' failure or refusal to pay Plaintiff and the Collective

Action Members a wage equal to one and one half times Plaintiff's and the Collective Action

Members' regular rates of pay for work they performed for Defendants in excess of their regular

40-hour workweek, Defendants violated 29 U.S.C. § 207(a).  Plaintiff and the Collective Action

Members are therefore entitled to compensation of one-and-one-half times their regular rates of

pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with

interest, reasonable attorney's fees, and costs.

**COUNT TWO: ILLINOIS MINIMUM WAGE LAW**
**UNPAID OVERTIME**

205.    Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

206.    Defendants failed and/or refused to compensate Plaintiff and the Collective

Members one and one-half times their regular rates of pay for all hours worked in excess of 40

hours in a given workweek as required under the IMWL.

207.    Defendants operated pursuant to its policy and practice of not paying Plaintiff and

the Class Action Members one and one-half times their regular rates of pay for all time spent

working in excess of 40 hours per workweek.

208.    While employed by Defendants, Plaintiff and the Class Action Members worked

tens of hours of overtime per week each and every workweek for which they worked for

Defendants, and Defendants did not pay to Plaintiff and the Class Action Members one-and-one-

half times their regular rate of pay for such time.

209.    As a result, Defendants intentionally failed and/or refused to pay Plaintiff and the

Class Action Members overtime according to the provisions of the IMWL.

210. Defendants engaged in a widespread pattern and practice of violating the provisions of the IMWL by failing and/or refusing to pay Plaintiff and the Class Action Members in accordance with IMWL § 820 105/4(a).

211. Plaintiff and the Class Action Members believe and therefore aver that Defendants owe them unpaid overtime wages for each and every pay period for the duration of their employment.

212. Defendants willfully failed and/or refused to pay Plaintiff and the Class Action Members overtime according to the provisions of the IMWL.

213. Although at this stage, Plaintiff and the Class Action Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Class Action Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

214. Defendants knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Class Action Members over the course of their employment would violate Illinois law, and Defendants were aware of the Illinois overtime wage requirements during Plaintiff's and the Class Action Members' employment. As such, Defendants' conduct constitutes a willful violation of the IMWL.

215. Defendants have and continue to willfully violate the IMWL by not paying Plaintiff and the Class Action Members a wage equal to one and one-half times their regular rates of pay for all time spent performing labor for Defendants in excess of their regular 40-hour workweek.

216.     As a result of Defendants' failure or refusal to pay Plaintiff and the Class Action Members a wage equal to one and one half times Plaintiff's and the Class Action Members' regular rates of pay for work they performed for Defendants in excess of their regular 40-hour workweek, Defendant violated IMWL 820 § 105/4(a).  Plaintiff and the Class Action Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus statutory damages and interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiff, Latisha Johnson, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's, the Collective Members' and the Class Action Members' favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one or more of the following acts:

    i.     violated the overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper minimum wages; and

    ii.     willfully violated the minimum wage provisions of the FLSA, 29 U.S.C. § 207;

    iii.     violated the overtime provisions of IMWL § 105/4(a), by failing to pay proper minimum wages; and

    iv.     willfully violated the minimum wage provisions of the IMWL § 105/4(a);

B.     For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiff, the Collective Members and the Class Action Members;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest on any damages awarded;

E.     For the Court to award all statutory damages, interest attorney fees and costs owed to Plaintiff and the Class Action Members under the IMWL.

F.     For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

G.     For the Court to provide a reasonable incentive award for Plaintiff to compensate him for the time she spent attempting to recover wages for the Collective Members and for the risks she took in doing so; and

H.     Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, the FLSA Collective, and the Illinois Class hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.


DATED:  July 8, 2021


                              Respectfully submitted,


                              s/ *Michael L. Fradin*
                              Michael L. Fradin, Esq.
                              8401 Crawford Ave. Ste. 104
                              Skokie, IL 60076
                              Telephone: 847-986-5889
                              Facsimile: 847-673-1228
                              Email: mike@fradinlaw.com

By: /s/ *James L. Simon*
James L. Simon (*pro hac vice* forthcoming)
THE LAW OFFICES OF SIMON & SIMON
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 525-8890
Email: james@bswages.com

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (*pro hac vice* forthcoming)
Christopher J. Bendau (*pro hac vice* forthcoming)
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Email: cliff@bswages.com
        chris@bswages.com