**1**

```
             UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION

LATISHA JOHNSON,                )
                                )
            Plaintiff,          )
                                )
     vs.                        )   No. 21 C 3629
                                )
VILLA HEALTHCARE MANAGEMENT, INC.,)
et al.,                         )   Chicago, Illinois
                                )   May 6, 2022
            Defendants.         )   10:00 o'clock a.m.
```

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MANISH S. SHAH

APPEARANCES (telephonically):

For the Plaintiff:  LAW OFFICES OF SIMON & SIMON
                    BY:  MR. JAMES SIMON
                    5000 Rockside Road
                    Liberty Plaza - Suite 520
                    Chagrin Falls, Ohio  44131
                    (216) 816-8696

                    MR. MICHAEL L. FRADIN
                    8401 Crawford Avenue, Suite 104
                    Skokie, Illinois  60076
                    (847) 644-3425

For the Defendants: MUCH SHELIST, P.C.
                    BY:  MR. STEVEN P. BLONDER
                         MS. CHARLOTTE F. FRANKLIN
                    191 North Wacker Drive, Suite 1800
                    Chicago, Illinois  60606
                    (312) 521-2000


           COLLEEN M. CONWAY, CSR, RMR, CRR
                  Official Court Reporter
         219 South Dearborn Street, Room 1918
                 Chicago, Illinois  60604
                       (312) 435-5594
            *colleen_conway@ilnd.uscourts.gov*

**Colleen M. Conway, Official Court Reporter**

1 (Proceedings heard telephonically:)

2 THE COURT: Good morning. This is Judge Shah.

3 The clerk will call the case.

4 THE CLERK: 21 CV 3629, Johnson versus Villa
5 Healthcare Management.

6 THE COURT: We'll start with appearances for the
7 record, starting with counsel for the plaintiff.

8 MR. SIMON: Good morning, Your Honor. James Simon
9 for plaintiff.

10 MR. FRADIN: Good morning, Your Honor. Michael
11 Fradin for plaintiff.

12 THE COURT: Counsel for the defendants?

13 MR. BLONDER: Good morning, Your Honor. Steve
14 Blonder and Charlotte Franklin for Villa.

15 MS. FRANKLIN: Good morning, Your Honor.

16 THE COURT: Good morning. Thank you, everyone, for
17 calling in.

18 I can give you a ruling on the motion for judgment on
19 the pleadings now. I don't intend to issue a written opinion
20 on it. I think it will serve everyone in the case better if I
21 just give you a ruling orally.

22 The motion is denied.

23 Here, the plaintiff alleges that the defendants
24 failed to pay her time-and-a-half, as required by state and
25 federal law. Defendants, on the other hand, say only one of

them, The Villa at South Holland, is the employer here, and that plaintiff was exempt from the FLSA because she worked in an executive capacity.

The defendants might very well be correct on both of those points, but judgment on the pleadings is not the procedural vehicle for me to resolve those issues. The pleadings and the materials that I have, that I can consider at this stage, suggest a factual dispute here that make judgment on the pleadings inappropriate.

Of course, I view the facts and take inferences in the light most favorable to the plaintiff. And a judgment on the pleadings isn't appropriate unless it appears beyond doubt that the plaintiff cannot prove any facts that would support her claim for relief. The legal issues here in this case all hinge on outstanding factual questions which are not settled by the pleadings.

One threshold legal issue that I can at least preview for you is that the debate over the regulations is not dispositive. The definition of "employer" and "joint employer" under the FLSA in this circuit considers control facts as well as economic realities among all of the case-specific facts that have to be looked at.

*Reyes*, R-e-y-e-s, 495 F.3d 403, and *Moldenhauer*, M-o-l-d-e-n-h-a-u-e-r, 536 F.3d 640, describe the test here in this circuit.

Even if relevant to my interpretation of the FLSA, the control-based test from the 2020 regulation wasn't effective when plaintiff worked at The Villa at South Holland. So that regulation is definitely not authoritative here.

With the fact-specific/case-specific test in mind, whether every one of the named defendants was plaintiff's employer is a question I can't resolve on the pleadings. The questions I would need to be able to answer include things like: Was there joint maintenance of records? Or are there shared computers, bank accounts, or payroll systems? Is there an entity that's providing HR services for all of the defendants, including through whatever chain might exist that suffers or permits plaintiff's work? How were hours tracked? Who set work schedules? Are employees at location-specific entities reporting to other entities within the Villa organization? Is there some management that's occurring elsewhere? Who's determining payment and wages or salaries? Who issues operating instructions? Those are all questions that are on the table here.

And the defendants' affidavits and declarations are subject to dispute. Plaintiff's complaint does not concede the facts that the defendants offer up in their answer.

I don't need to reach the issue of whether alterego or single-employer theories apply to the FLSA, and I don't reach that question, but, again, I'll just preview for you that

1  the question is the application of case-specific facts to the
2  broad statutory definitions of "employ," "employer," and
3  "employee" under the FLSA.  And any entity that suffered or
4  permitted plaintiff to work could be an employer under the
5  statute.
6      The second question is whether the plaintiff was
7  exempt because she worked in an executive capacity.  That, too,
8  here is not amenable to resolution on the pleadings.  There are
9  disputed factual questions.  Based on the pleadings and the
10 materials that I do consider, there is a suggestion of some
11 variation in pay from week to week, which could mean that the
12 plaintiff wasn't salaried.  I understand defendants have an
13 explanation for that, but plaintiff can point to the variation
14 in pay at this stage of the case to dispute that explanation.
15     I can't tell on the pleadings definitively whether
16 the plaintiff was a manager in the sense of interviewing and
17 selecting and training employees, selecting or setting pay and
18 work hours, appraising productivity and efficiency to recommend
19 promotions, the number of employees she may have managed.  How
20 much time?  Was it a majority of her time she spent managing?
21 Did she have the authority to hire and fire?  Or was her
22 opinion on hiring and firing given particular weight?  Those
23 are not settled by the pleadings.
24     So given those outstanding questions that I have, the
25 motion for judgment on the pleadings is denied.

1  The issue then becomes, what do we do now? And how
2  does discovery move forward?
3  It does seem to me that the theory that all 35 or so
4  defendants are subject to liability for plaintiff's employment
5  would be quite expensive and time-consuming, while the issue of
6  whether the plaintiff was exempt, while I have said, is
7  disputed and might ultimately be subject to factual disputes
8  that aren't even amenable to resolution at summary judgment,
9  they at least present what strikes me as a very straightforward
10 inquiry that could be conducted fairly quickly.
11 So I am inclined to focus discovery now on the issue
12 of plaintiff's exempt status. I would think that within a
13 month or two, both sides could conduct discovery to get to the
14 bottom of that and allow you to then properly evaluate how the
15 case should proceed from there.
16 So that's my thought. Let me ask plaintiff's counsel
17 for your reaction to that.
18 MR. SIMON: Thank you, Your Honor. This is James
19 Simon for plaintiff.
20 I think that makes a lot of sense. I had not thought
21 of doing it that way. But I do see the efficiencies that the
22 Court is alluding to, and that would be agreeable to us.
23 THE COURT: On behalf of the defense, do you have any
24 issue with that proposal?
25 MR. BLONDER: No, not at all, Judge. I would just

1 suggest 60 days to complete all that discovery.

2 THE COURT: I think that sounds reasonable to me.

3 So discovery may proceed, limited to the issue of
4 plaintiff's exempt or nonexempt status under the FLSA, and that
5 discovery shall be completed by July 8th.

6 And I would like the parties to submit a joint status
7 report, just reporting on the progress of those issues, by June
8 23rd.

9 Is there anything else we should cover this morning?
10 On behalf of plaintiff?

11 MR. SIMON: Your Honor, just so I know, will there be
12 an order issued as to the dates that Your Honor just put on the
13 record?

14 THE COURT: Yes, yes. So we'll be entering a docket
15 entry that says: For the reasons stated on the record, the
16 motion for judgment on the pleadings is denied. Parties are to
17 conduct fact discovery limited to the issue of the possible
18 exemption under the statutes, and that discovery needs to be
19 completed by the dates that I just mentioned. That will all go
20 on the docket.

21 MR. SIMON: Wonderful. Then nothing further from
22 plaintiff.

23 THE COURT: On behalf of the defense, is there
24 anything else we should cover this morning?

25 MR. BLONDER: No. Thank you, Your Honor.

```
1            THE COURT:  Okay.  Thank you, everyone, for calling
2   in and for your patience while I had the motion under
3   advisement.
4            We are in recess.
5            MR. SIMON:  Thank you.
6            MR. BLONDER:  Thank you, Your Honor.
7            MS. FRANKLIN:  Thank you.
8        (Proceedings concluded.)
```

C E R T I F I C A T E

I, Colleen M. Conway, do hereby certify that the foregoing is a complete, true, and accurate transcript of the proceedings had in the above-entitled case before the HONORABLE MANISH S. SHAH, one of the Judges of said Court, at Chicago, Illinois, on May 6, 2022.

/s/ Colleen M. Conway, CSR, RMR, CRR      08/08/22
Official Court Reporter                    Date
United States District Court
Northern District of Illinois
Eastern Division

Colleen M. Conway, Official Court Reporter